HOSHKOWITZ v. SARGOY et al.

(Supreme Court, Appellate Division, Second Department.   December 2, 1910.)

1. ASSIGNMENTS (§ 137*)—ACTIONS—PROOF OF ASSIGNMENT.

To authorize an action on an assignment of a claim for services, the proof must show an assignment by the owner of the claim; an assignment by another without authority being insufficient.

[Ed. Note.—For other cases, see Assignments, Dec. Dig. § 137.*]

2. HUSBAND AND WIFE (§ 129*)—ESTOPPEL—EVIDENCE.

The mere presence of a wife at the office, where papers were prepared and executed by her husband assigning a claim belonging to her, would not estop her from herself enforcing the claim, if she had no knowledge at the time that her husband claimed to own it, or intended to assign it.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 468–470; Dec. Dig. § 129.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Jacob Hoshkowitz against Samuel Sargoy and others, doing business under the firm name of Sargoy Bros.   From a judgment for plaintiff, defendants appeal.   Reversed, and new trial granted.

Argued before WOODWARD, BURR, THOMAS, RICH, and CARR, JJ.

Charles L. Meckenberg, for appellants.

Henry H. Livingston, for respondent.

RICH, J.   The defendants appeal from a judgment of the Municipal Court, in an action brought upon an assigned claim, to recover for work, labor, and services alleged to have been rendered by one Benjamin Gold.   The defendants admitted the contract with Gold, and alleged that by reason of the service of an order in supplementary proceedings upon them in another action they were enjoined and restrained from paying any money to Benjamin Gold.   Thereafter the plaintiff amended his complaint, by striking therefrom the name "Benjamin Gold" wherever it occurred, and inserting in lieu thereof the name "Bella Gold," the wife of Benjamin, and filed a bill of particulars in which it is set forth that the contract was made and performed by Bella Gold.   The evidence fails to establish the plaintiff's alleged cause of action.   There is no proof of any assignment by Bella Gold to plaintiff.   The only assignment introduced was one made by Benjamin Gold.   So far as the evidence shows, the cause of action under the alleged contract is owned by Bella Gold, and the defendants' motion to dismiss should have been granted.

The trial justice suggested that, if Bella Gold was present at the time her husband executed the assignment and was cognizant of that fact, she would be estopped from asserting ownership of the claim. While Benjamin Gold testified that his wife was present at the office of the attorney who prepared the assignment when he executed it, she was not sworn, and there is no evidence that she had any knowl-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

edge that her husband claimed to be the owner of the claim, or that he intended to assign it to the plaintiff. The mere presence of Mrs. Gold at the office where the papers were prepared and executed is not sufficient to estop her from enforcing her cause of action against the defendants, if she had one, and the assignment of a claim of her husband is no protection to the defendants against a subsequent action by Mrs. Gold.

Judgment of the Municipal Court reversed, and a new trial ordered; costs to abide the event. All concur.

---

·REUTER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 2, 1910.)

CARRIERS (§ 318*)—INJURIES TO PASSENGERS—NEGLIGENCE—EVIDENCE.

In an action for injuries to a street car passenger while attempting to alight, evidence *held* not to show that the accident was caused by the sudden starting of the car after it had stopped but to show that the passenger attempted to alight just before the car stopped.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 318.*]

Thomas and Rich, JJ., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

